UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-182-TBR

KEMBLE SMITH,                                                                              PLAINTIFF

v.

WESTLAKE VINYLS, INC.,                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Kemble Smith's Motion to Alter, Amend or Vacate Judgment. [DN 22]. Defendant Westlake Vinyls, Inc. responded. [DN 23]. Plaintiff did not reply and the deadline to do so has passed. This matter is ripe for adjudication. For the reasons stated herein, Plaintiff's Motion to Alter, Amend or Vacate Judgment, [DN 22], is DENIED.

**BACKGROUND**

Plaintiff was employed as a chemical operator/bulk handler for Westlake Vinyls in Calvert City, Kentucky. [DN 1]. In October 2017, Plaintiff was terminated from his position and brought the instant lawsuit against Defendant claiming wrongful termination in violation of KRS §336.130, violation of a collective bargaining agreement, and punitive damages. *Id.* On July 24, 2019, the Court granted Defendant's Motion to Dismiss each claim. [DN 18]. Specifically, the Court found that Plaintiff's wrongful termination claim was preempted by the National Labor Relations Act ("NLRA"); Plaintiff failed to a state a claim for violation of the collective bargaining agreement; and Plaintiff's punitive damages claim could not survive as a standalone claim. *Id.* Subsequently, Plaintiff filed the Motion to Alter, Amend or Vacate Judgment currently before the Court. [DN 22].

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) allows the Court to alter or amend its prior judgment on timely motion. Fed. R. Civ. P. 59(e). Generally speaking, a Rule 59(e) motion must be based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)) (internal quotation marks omitted). "The purpose of Rule 59(e) is 'to allow the [Court] to correct its own errors,'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)), not to rehash old arguments, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), or to present new ones, *see Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).

## DISCUSSION

Plaintiff moves the Court to alter its Memorandum Opinion and Order dismissing Count I of the Complaint on the basis of a clear error of law and manifest injustice. [DN 22-1]. In Count I, Plaintiff alleged he was wrongfully terminated in violation of KRS § 336.130. [DN 1]. Specifically, the Complaint stated:

> 21. During Plaintiff's term of employment with Defendant, and in particular during the term of the CBA referenced herein, Defendant, by and through its employees, agents, and representatives, created a hostile, intimidating, and threatening work environment for Plaintiff and subjected Plaintiff to continuous and repeated threats of termination despite Plaintiff's 27-year work history with no reprimands, suspensions, or prior terminations.
>
> 22. That Defendant, by and through its employees, agents, and representatives, terminated Plaintiff's employment based on <u>personal grievances</u> stemming from the hostile and intimidating work environment created by Defendant's employees, agent, and representatives, and such actions of Defendant were wrongful, intentional, willful, deliberate, knowing, and malicious, and are contrary to the fundamental and well-defined public policy as evidenced in KRS § 336.130.

*Id.* at 6 (emphasis added).

In its Memorandum Opinion and Order, the Court interpreted Plaintiff's claim as wrongful termination for *filing* personal grievances in violation of KRS § 336.130. [DN 18 at 79]. It found that Plaintiff's claim was within the scope of KRS § 336.130 because the Kentucky statute parallels Sections 7 and 8 of the NLRA. *Id.* at 81. Under the NLRA, it is well-settled law that engaging in the grievance process constitutes concerted union activity that is safe-guarded by Section 7's and 8's respective protections and prohibitions. *Id.* at 82. However, because Plaintiff's wrongful termination claim fell within the protections of the NLRA, the Court determined it did not have jurisdiction over the claim. *Id.* at 85.

In his Motion to Alter, Amend or Vacate Judgment, Plaintiff claims the Court misinterpreted the phrase "personal grievances" in his wrongful termination claim. [DN 22-1 at 92]. Plaintiff states: "Although not specifically delineated in the verified complaint, plaintiff's use of the phrase 'personal grievances' referred specifically to the plaintiff's reasonable belief that certain of defendant's employees supervising plaintiff had personal animosity, resentment, criticisms, and/or ill-feelings toward him unrelated to his work performance, thus giving rise to the hostile, intimidating, and threatening work environment as alleged in the verified complaint." *Id.* at 93. Contrary to the Court's Memorandum Opinion and Order, Plaintiff claims he never filed any personal grievances while employed by Defendant. *Id.* at 94. Thus, Plaintiff argues, "while this Court is correct that § 8 of the NLRA would apply and thus preempt plaintiff's complaint as to a violation of KRS § 336.130 **if** he had been terminated for filing grievances, such was not the case here." *Id.* at 95. Plaintiff requests the Court alter its previous Order considering this clarification. *Id.* In response, Defendant argues the Court should not alter the Memorandum Opinion and Order given that "personal animosity" is not protected by KRS § 336.130. [DN 23 at

101]. Therefore, Defendant asserts that Plaintiff failed to state a claim upon which relief can be granted and Count I should not be reinstated. *Id.*

Judging the Complaint in light of Plaintiff's clarification of the phrase "personal grievances," the Court finds that Plaintiff failed to a state a claim upon which relief may be granted. Plaintiff claims that Defendant wrongfully terminated his employment based on personal animosity in violation of KRS § 336.130. In relevant part, KRS § 336.130 states:

> (1) Employees may, free from restraint or coercion by the employers or their agents, associate collectively for self-organization and designate collectively representatives of their own choosing to negotiate the terms and conditions of their employment to effectively promote their own rights and general welfare. Employees, collectively and individually, may strike, engage in peaceful picketing, and assemble collectively for peaceful purposes, . . .
>
> (2) Neither employers or their agents nor employees or associations, organizations or groups of employees shall engage or be permitted to engage in unfair or illegal acts or practices or resort to violence, intimidation, threats or coercion.

KRS § 336.130(1)-(2). As noted by the Court in its Memorandum Opinion and Order, the Complaint makes no mention of Plaintiff being prohibited from striking, picketing, or organizing for concerted labor activity of any kind as discussed in KRS § 336.130(1). Moreover, courts apply KRS § 336.130(2) in cases where employers terminate employees for engaging in the types of "union activities" described in subsection (1). *Simpson Cty. Steeplechase Ass'n, Inc. v. Roberts*, 898 S.W.2d 523, 525 (Ky. Ct. App. 1995); s*ee Pari-Mutuel Clerks' Union of Ky., Local 541 v. Ky. Jockey Club*, 551 S.W.2d 801, 802–03 (Ky. 1977); *Clark v. Teamsters Local Union 651*, No. CV 5: 17-273-DCR, 2017 WL 6395850, at *3 (E.D. Ky. Dec. 13, 2017). KRS § 336.130(2) does not apply in instances where employees are terminated for reasons unrelated to labor activities, or more specifically, for personal animosity. Therefore, the Court finds that Plaintiff's allegation that his employment was terminated due to personal grievances does not fall within the scope of KRS

§ 336.130. Accordingly, Count I of the Complaint is DISMISSED for failure to state a claim. Since the Court declines to reinstate Count I, there is no need to alter the prior Memorandum Opinion and Order.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED:** Plaintiff's Motion to Alter, Amend or Vacate Judgment, [DN 22], is **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 14, 2019

CC: Attorneys of Record